IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IDRIS OZAIR, | : | HABEAS CORPUS |
| A #097 390 179, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| FRANK SIZER, Chief of Jail, | : | CIVIL ACTION NO. |
| Atlanta City Detention Center, | : | 1:09-CV-1664-CAM-LTW |
| JANATE NAPOLITANO, | : | |
| Secretary of the United States | : | |
| Department of Homeland Security, | : | |
| RAMOND SIMONS, Director of | : | |
| Detention and Removal, United | : | |
| States Immigration Customs | : | |
| Enforcement, et al., | : | |
|     Respondents. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, Idris Ozair, currently detained in the Atlanta City Detention Center in Atlanta, Georgia, challenges, via 28 U.S.C. § 2241, his ongoing detention while he awaits removal from the United States. The matter is before the Court on the petition (Doc. No. 1), Frank Sizer's motion that he be dismissed as a Respondent (Doc. No. 3), Respondents' response (Doc. No. 5), and Petitioner's "motion to suppress" Sizer's motion that he be dismissed (Doc. No. 7).

I. **Discussion**

Petitioner is a Pakistani citizen whom a United States Immigration Judge, on December 15, 2008, ordered to be removed from the United States, based on Petitioner's having been convicted of an aggravated felony after admission to the United States.[1] (Doc. No. 1 at 2; Resp't Ex. 1 ¶ 7.) On February 4, 2009, the Embassy of Pakistan sent a travel document for Petitioner. (Resp't Ex. 1 ¶ 8.) However, that document expired before the government removed Petitioner. (Id.) Deportation Officer with Immigration and Customs Enforcement ("ICE"), John Annala, states that "[a] request was made with the Embassy of Pakistan to extend the Travel Document on February 20, 2009. The embassy of Pakistan advised ICE on March 20, 2009, that a replacement [travel document] would not be re-issued pending further investigation of Petitioner's case." (Id.) Officer Annala states that (1) on April 21, May 13, June 6, June 22, July 2, and July 9, 2009, the government attempted to ascertain the status of another travel document, and (2) on July 13, 2009, Mr. Anjum, with the Embassy of Pakistan, advised "that the request for Travel Document status [would] be investigated and a follow up call [would] be made to ICE in the near future." (Id. ¶ 9.) On April

---

[1] (See Resp't Ex. 1, Attachs. B, C.) See also 8 U.S.C. § 1227(a)(2)(A)(iii); Immigration and Nationality Act § 237(a)(2)(A)(iii).

2

02 and June 30, 2009, the government determined to continue Petitioner's detention "based on the fact that a Travel Document was previously issued and [the government's determination that] there [was] no reason to believe that Petitioner's removal [would] not take place in the reasonably foreseeable future." (Id. ¶ 11.)

Petitioner states that his detention continues because ICE personnel negligently allowed his travel document to expire. (Id. at 2.) Petitioner argues that his ongoing detention is a due process violation because it is both beyond the ninety-day statutory removal period, under 8 U.S.C. § 1231(a)(6), and the six-month presumptively reasonable period, under Zadvydas v. Davis, 533 U.S. 678 (2001). (Doc. No. 1 at 5-7.)

### A.     Sizer's Motion to be Dismissed

Sizer maintains that the Atlanta City Detention Center physically houses Petitioner under contract with the federal government, but has no legal authority or control over Petitioner. (Doc. No. 3, Br. at 3-4.) Sizer argues that under 8 U.S.C. § 1231, it is the Attorney General who possesses the legal power to detain aliens. (Id. at 4.) Petitioner replies that under 28 U.S.C. § 2243, Sizer is his immediate custodian and more than one person can qualify as a "custodian." (Doc. No. 7 at 1.)

An applicant for a writ of habeas corpus must allege "the name of the person who has custody over him." 28 U.S.C. § 2242. A writ of habeas corpus, "or order to

3

show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.  Thus, "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" and a contest of present physical custody requires that the immediate physical custodian be named as custodian/respondent.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-37 (2004) (citing 28 U.S.C. § 2242) (deciding the proper respondent in a habeas case brought by United States' citizen detained in military custody as an enemy combatant).[2]  The proper respondent in a case where an alien challenges his custody while awaiting removal is the  "immediate physical custodian" – the warden with day to day control over the detainee.  See Kholyavskiy v. Achim, 443 F.3d 946,

---

[2] In Padilla, the Supreme Court noted that (1) the issue of the proper respondent for detained aliens was not before the court, (2) the majority of circuits applied the immediate custodian rule to detained aliens, but (3) the Ninth Circuit had allowed the United States Attorney General to be named as respondent.  Padilla, 542 U.S. at 436 n.8 (citing Armentero v. Immigration and Naturalization Serv., 340 F.3d 1058 (9th Cir. 2003)).  The Ninth Circuit Court of Appeals has since withdrawn that opinion and dismissed that appeal on other grounds.  Armentero, 340 F.3d 1058, withdrawn, 382 F.3d 1153 (2004), appeal dismissed, 412 F.3d 1088 (2005). Further, in an unpublished opinion, the Ninth Circuit has decided that the proper Respondent is the warden, as the immediate custodian with day to day control over the detainee, not the District Director of the Immigration and Naturalization Service.  Bermudez-Cardiel v. Sonchik, 45 F. App'x 785, 786-87 (9th Cir. 2002).

952-54 (7th Cir. 2006)[3] (holding, based on the reasoning applied in Padilla, that the warden of an alien's detention facility is the proper respondent in a § 2241 challenge to his detention). See also Vasquez v. Reno, 233 F.3d 688, 693-97 (1st Cir. 2000) (holding, before the decision in Padilla, that the warden, as alien's immediate custodian, is the proper party respondent for habeas challenge to immigration-related detention); Yi v. Maugans, 24 F.3d 500, 507 (3rd Cir. 1994) (same). But see Roman v. Ashcroft, 340 F.3d 314, 320-27 (6th Cir. 2003) (holding, before Padilla, that district court must have jurisdiction over alien's "immediate custodian"–the "INS District Director for the district where a detention facility is located"). In Kholyavskiy, the court reasoned that, although "ICE field office directors oversee the confinement of aliens in state and local jails" and have the authority to free alien detainees, "so do [their] superiors, all the way up to the President of the United States," but that authority does not make them custodians. Kholyavskiy, 443 F.3d at 953. Thus, the court concluded that the rule in Padilla – that "[i]n challenges to present physical confinement, . . . the immediate custodian, not a supervisory official who exercises

---

[3] The Eleventh Circuit Court of Appeals has not decided this issue. See Okongwu v. Reno, 229 F.3d 1327, 1330-31 (11th Cir. 2000) (remanding for district court to determine the custodian issue in § 2241 action by alien).

legal control, is the proper respondent" – applies to challenges brought by detained aliens awaiting removal.  Id.

This Court agrees with the reasoning in Kholyavskiy and the above weight of authority that the "immediate custodian" rule applies to aliens who seek to challenge their custody while awaiting removal from the United States and that the "immediate custodian" is the official with day to day control.  Accordingly, Sizer's motion that he be dismissed should be denied.[4]

**B.     Respondents' Response and Petitioner's Reply on § 2241 Petition**

In response to this Court's show cause order, Respondents agree with Petitioner that "following the December 15, 2008 Final Order of Removal, ICE attempted to remove the Petitioner," but the travel document expired before travel arrangements could be made.  (Doc. No. 5 at 2-3.)  Respondents argue, however, that this petition should be both denied and dismissed because "it is significantly likely that another travel document will be issued in the very near future" and Petitioner's "allegations are insufficient to demonstrate that there is no significant likelihood of his removal in the

---

[4] Because this petition is due to be dismissed, the undersigned does not address the appropriateness of naming more than one respondent.  See Padilla, 542 U.S. at 435 (stating, "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition").

6

reasonably foreseeable future." (Id. at 4-5.) Petitioner replies that the Embassy of Pakistan's statement that a travel document "would not be re-issued pending further investigation" indicates "no definite time frame" for issuing another travel document. (Doc. No. 8 at 1.) Petitioner argues that Respondents have failed to meet their burden of showing that he will be removed in the foreseeable future and he should be released under order of supervision. (Id. at 1-2.)

Statutory law provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). An alien removable for having committed an aggravated felony, may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6). Due process, however, does not allow unlimited detention, but limits detention to a reasonable period of time, which presumptively is six months. Zadvydas, 533 U.S. at 701.

> [W]e doubt that . . . Congress . . . believed that all reasonably foreseeable removals could be accomplished in [90 days]. We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. **After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing**. . . . [A]n alien may be held

7

> in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. (citations omitted) (emphasis added).

Accordingly, this Court first must determine whether Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he has, second must determine whether the government has rebutted that showing. Zadvydas, 533 U.S. at 701; Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). A country's, such as Cuba's, refusal to allow the return of its nationals "provides good reason to believe that there no significant likelihood of removal in the reasonably foreseeable future." Rosales-Garcia v. Holland, 322 F.3d 386, 390, 415 (6th Cir. 2003); see also Benitez v. Wallis, 402 F.3d 1133, 1135-36 (11th Cir. 2005) (stating that removal to Cuba is not reasonably foreseeable). However, "the bare fact that the [foreign] consulate has not yet issued any travel documents . . . despite the efforts of the INS to secure them," does not satisfy an alien's burden, especially when there is no showing of circumstances such as the alien having "virtually no hope" of repatriation in the country of his citizenship or the alien being a "citizen of no country." Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (J. Carnes) (concluding that the petitioner had not met the

8

Zadvydas six-month requirement, but also concluding that the petitioner had not met his burden on the likelihood of removal).

Petitioner has argued that Respondents have failed to show that he will be removed in the foreseeable future; however, under Zadvydas, Petitioner has the initial burden, which he does not meet. Petitioner alleges no formal barrier to his being removed to Pakistan, and he relies on the delay in issuing a second travel document to meet his burden. Although more than nine months have passed since December 15, 2008, the Embassy of Pakistan did issue Petitioner a travel document in February 2009, and notwithstanding the Embassy's slowness in issuing a second travel document, there is reason to believe the matter is under consideration. At this time, the delay does not provide "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future." Because Petitioner fails to meet his burden, this action should be dismissed.

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Frank Sizer's motion that he be dismissed as a Respondent (Doc. No. 3) be **DENIED** and that the instant petition (Doc. No. 1) be **DISMISSED** without prejudice.

AO 72A
(Rev.8/82)

**IT IS ORDERED** that Petitioner's "motion to suppress" (Doc. No. 7) Sizer's motion is **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED**, this <u>8th</u> day of October, 2009.

<u>s/Linda T. Walker</u><br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE